NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | ) ) ) | No. 13-17304 |
| Plaintiff-Appellee, | ) ) ) | D.C. No. 5:12-cv-03237-EJD |
| v. | ) ) | MEMORANDUM* |
| MARK FEATHERS, | ) ) | |
| Defendant-Appellant. | ) ) | |
| U.S. SECURITIES & EXCHANGE COMMISSION, | ) ) ) | Nos. 14-15466 14-15894 |
| | ) | 15-16018 |
| Plaintiff-Appellee, | ) ) | 15-17200 17-15923 |
| v. | ) ) | |
| MARK FEATHERS, | ) ) | D.C. No. 5:12-cv-03237-EJD |
| Defendant-Appellant, | ) ) | |
| THOMAS A. SEAMAN, | ) ) ) ) | |
| Receiver-Appellee. | ) ) | |
| U.S. SECURITIES & EXCHANGE | ) | No. 14-15831 |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

COMMISSION,                                    )
                                               )      D.C. No. 5:12-cv-03237-EJD
      Plaintiff-Appellee,                   )
                                               )
      v.                                    )
                                               )
NATALIE FEATHERS,                              )
                                               )
      Real-party-in-interest-               )
      Appellant,                            )
                                               )
                                               )
THOMAS A. SEAMAN,                              )
                                               )
      Receiver-Appellee.                    )
                                               )

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 16, 2019
San Francisco, California

MARK FEATHERS,                                 )      No.   15-70102
                                               )
      Petitioner,                           )
                                               )
      v.                                    )
                                               )
U.S. SECURITIES & EXCHANGE                     )
COMMISSION,                                    )
                                               )
      Respondent,                           )
                                               )

On Petition for Review of an Order of the
Securities & Exchange Commission

Argued and Submitted April 16, 2019
San Francisco, California

Before: D.W. NELSON, FERNANDEZ and BEA, Circuit Judges.

Mark Feathers ("Feathers") appeals the district court's judgment (No. 13-17304) and the sanctions order entered against him by the United States Securities and Exchange Commission ("SEC") (No. 15-70102). Natalie Feathers appeals the district court's order regarding the disposal of receivership property and denying her claim thereto (No. 14-15831).[1] We affirm as to No. 13-17304, 14-15466, 14-15894, 15-16018, 15-17200, 17-15923, and 14-15831. We vacate and remand with directions as to No. 15-70102.

A.     No. 13-17304

(1)     Feathers asserts that the district court erred when it granted the SEC summary judgment on its claim that Feathers committed securities fraud. We disagree.

In particular, the parties' arguments revolve around the SEC's claim that Feathers violated the prohibitions against the making of "any untrue statement of a

---

[1]We deem waived and will not consider any issues not argued in the replacement briefing filed on behalf of Feathers and Natalie Feathers, even if the issues were raised in their previous briefing. That includes any issues raised in Nos. 14-15466, 14-15894, 15-16018, 15-17200, and 17-15923; the replacement briefing does not argue any of those issues.

material fact or any omission to state a material fact necessary in order to make the statements made . . . not misleading." 15 U.S.C. § 77q(a)(2); *see also* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5(b). The SEC proceeded on the basis that it had to show that Feathers had scienter when making the alleged misrepresentations or omissions. Of course, the SEC did not have to show that a statement was literally untrue because it was sufficient for the SEC to show that Feathers omitted to state a material fact as a result of which the statements made were misleading. *See SEC v. Fehn*, 97 F.3d 1276, 1289 (9th Cir. 1996); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38, 131 S. Ct. 1309, 1318, 179 L. Ed. 2d 398 (2011); *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445, 449, 96 S. Ct. 2126, 2130, 2132, 48 L. Ed. 2d 757 (1976). As to scienter in this area, we have held that it "is the mental state embracing intent to deceive, manipulate, or defraud. Reckless conduct may also constitute scienter." *SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092–94 (9th Cir. 2010); *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1569 (9th Cir. 1990) (en banc).

With those standards in mind, we agree with the district court that there were a number of material misstatements or omissions in the offering documents for the

Funds[2] and that the evidence showed that Feathers either intended or recklessly disregarded the untruth or misleading nature of those statements, and that "no reasonable jury could conclude otherwise."[3] That is, statements to prospective investors regarding loans made by the Funds and restrictions on loans to the Manager[4] were misleading to say the least. So, too, were statements that the source of distributions to investors would be the Funds' profits, rather than return of capital. Moreover, accounting manipulations tended to hide the true profitability facts from the investors and others. All of that indicated to past and future investors that the Funds were more profitable than they were. "Surely the materiality of information relating to financial condition, solvency and profitability is not subject to serious challenge." *SEC v. Murphy*, 626 F.2d 633, 653 (9th Cir. 1980).

(2)     The district court did not err when it determined that Feathers, and

---

[2]The "Funds" consisted of Investors Prime Fund, LLC ("IPF") and SBC Portfolio Fund, LLC.

[3]*Platforms Wireless*, 617 F.3d at 1094; *see also id.* at 1085; *San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009).

[4]The Manager was Small Business Capital Corp. ("SBCC"), which was controlled by Feathers.

SBCC, violated the requirement that a broker,[5] must, in general, register with the SEC.[6] To the extent that Feathers suggests he is not a broker because he sold shares of the Funds for his own account, no evidence supports that assertion. Because he failed to raise the issue in the district court, we decline to consider Feathers' argument that he and SBCC were engaged only in intrastate business and were, therefore, exempt from regulation.[7]

(3)    In light of parts A(1) and (2), *supra*, Feathers' claim that he is not subject to control person liability[8] because there were no other relevant violations fails.

(4)    Feathers also asserts that the district court erred when it denied him access to the frozen assets of the Funds and SBCC for his defense. We review the district court's decision for abuse of discretion,[9] and find no abuse here. The

---

[5] 15 U.S.C. § 78c(a)(4)(A).

[6] *Id.* § 78o(a)(1).

[7] *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

[8] *See* 15 U.S.C. § 78t(a).

[9] *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

information before the district court showed a need to preserve the remaining assets of the Funds and SBCC for the investors in the Funds, who were in danger of suffering serious losses, and there is much reason to believe that the depleted nature of the amount available from the Funds and SBCC was due to Feathers' wrongdoing. Thus, the district court could, in its discretion, preserve those funds for the investors.[10]

(5) The district court did not abuse its discretion when it ordered Feathers to disgorge his "ill-gotten gains." *SEC v. JT Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006); *see also Platforms Wireless*, 617 F.3d at 1096. Nor did the district court abuse its discretion in determining the amount,[11] which had only to be a reasonable approximation of the amount Feathers gained by his actions.[12] The fact that Feathers used part of the money obtained from the Funds to pay SBCC's operating expenses is beside the point; it did not obviate the harm to the Funds themselves.

B.    No. 14-15831

---

[10]Nothing in the indemnity clauses in the agreements between the Funds and SBCC requires a different conclusion.

[11]*JT Wallenbrock*, 440 F.3d at 1113–14.

[12]*See Platforms Wireless*, 617 F.3d at 1096.

Natalie Feathers' appeal from the district court's order sustaining the objections of the receiver to her claim against the receivership estate fails. She asserts that the district court's order should be reversed if the district court's judgment is set aside as to Feathers' liability. Because we affirm that judgment, we also affirm the district court's order denying her claim against the receivership.

C.    No. 15-70102

Feathers argues that the SEC's order imposing remedial sanctions against him must be set aside because the administrative law judge who made the initial sanctions decision was unconstitutionally appointed. *See Lucia v. SEC*, __ U.S. __, __, 138 S. Ct. 2044, 2055, 201 L. Ed. 2d 464 (2018). The SEC consents to a voluntary remand of the sanctions order. We agree. *See Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (per curiam). We, therefore, vacate the SEC's sanction order and remand to the SEC with the direction that if it chooses to proceed, it must order a new hearing before a different and properly appointed administrative law judge. *See Lucia*, __ U.S. at __, 138 S. Ct. at 2055–56; *Humane Soc'y of the U.S. v. Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010).

As to Feathers, AFFIRMED in Nos. 13-17304, 14-15466, 14-15894, 15-16018, 15-17200, 17-15923, VACATED and REMANDED with directions set

forth above in No. 15-70102; as to Natalie Feathers, AFFIRMED in No. 14-15831.

Costs are to be taxed against Appellant Mark Feathers in Nos. 13-17304, 14-15466, 14-15894, 15-16018, 15-17200, 17-15923; costs are to be taxed against Appellant Natalie Feathers in No. 14-15831; costs are to be taxed against Respondent SEC in No. 15-70102.